IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUAMINKA CONERLY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:18-cv-046-MHT-WC |
| THE CITY OF HATTIESBURG, | ) ) ) |
| Defendant. | ) ) |

## ORDER AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

On January 25, 2018, Plaintiff filed a Complaint (Doc. 1) attempting to allege a violation of her civil rights against Defendant. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). On January 29, 2018, the District Judge entered an Order (Doc. 3) referring the case to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial maters as may be appropriate."

Because Plaintiff has requested leave to proceed *in forma pauperis*, the Complaint is now before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii). Based upon a careful review of the Complaint, the

undersigned concludes that Plaintiff has failed to state any claim upon which relief could be granted and that, consequently, the complaint is due to be dismissed pursuant to § 1915(e)(2)(B)(ii).

A review of the sufficiency of Plaintiff's complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (remarking, a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051

2

(11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are merely consistent with a defendant's liability, however, are not facially plausible." *Id*. (internal quotations omitted).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, Plaintiff's complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e). As set out below, the undersigned concludes that Plaintiff's complaint fails to withstand such scrutiny.

Plaintiff's Complaint is woefully deficient even under the most liberal construction imaginable. Plaintiff, a resident of Hattiesburg, Mississippi, sues the City of Hattiesburg. She alleges that her civil rights were violated on December 27, 2007. The "facts" alleged in support of this claim are, in their entirety, as follows: "False Arrest police had used excessive force on me and false arrest." For relief, Plaintiff seeks "$900,000,000,000,000.00 Trillion dollars."

3

Myriad infirmities afflict Plaintiff's Complaint; the undersigned will here emphasize only three: 1) Plaintiff's allegations of fact are patently deficient; 2) Plaintiff's claim is time-barred; and 3) Plaintiff has pleaded no fact permitting this court to infer that it may exercise personal jurisdiction over Defendant, or that venue may lie in this District.

First, pursuant to the standards outlined above, Plaintiff has failed to state any claim upon which relief could be granted because she has failed to allege sufficient facts in support of her claim.  Plaintiff has alleged no facts that make plausible or permit the reasonable inference that she was subject to any false arrest or excessive force.  As such, she has failed to satisfy the pleading standard of Rule 8(a), and her Complaint is therefore due to be dismissed pursuant to § 1915(e)(2)(B)(ii).  Indeed, given the utter lack of factual pleading and her comical request for relief, the undersigned concludes that Plaintiff's Complaint is wholly frivolous, and is therefore due to be dismissed pursuant to § 1915(e)(2)(B)(i) as well.

Second, even if Plaintiff's allegations somehow were not deficient, it appears her claim is time-barred.  Plaintiff alleges her civil rights were violated on December 27, 2007.  Although Plaintiff does not allege any facts showing where this violation occurred, it is reasonable to presume that because Plaintiff—a resident of Hattiesburg, Mississippi—is suing the City of Hattiesburg, she is complaining about something she perceives as a "false arrest" and/or "excessive force" that happened in Hattiesburg, Mississippi, on December 27, 2007.  If this is indeed the case, then Plaintiff's claim was therefore subject to a three-year statute of limitations.  *See, e.g., Edmonds v. Okitbbeha County, Miss.*, 675 F.3d 911, 916 (5th Cir. 2012) (citing Miss. Code Ann. § 15-1-49).  Because Plaintiff filed her

Complaint more than ten years after the alleged event, it is time-barred. If Plaintiff is complaining that the City of Hattiesburg somehow subjected her to false arrest and excessive force in some location within the territorial jurisdiction of the Middle District of Alabama, her claim fares no better. In that case, under Alabama law, the statute of limitations would impose a two-year limitations period, and Plaintiff's claim therefore remains time-barred. *See, e.g., Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015). Accordingly, Plaintiff has failed to state any claim upon which relief could be granted and the Complaint is due to be dismissed pursuant to § 1915(e)(2)(B)(ii).

Third, and finally, Plaintiff has pleaded no facts, and nor are any inferable, that would permit the court to conclude that it may exercise subject matter jurisdiction over Defendant, or that this District is the appropriate venue for Plaintiff's action. As to personal jurisdiction, there are no facts alleged, and one struggles to imagine unalleged facts that could be plausible, suggesting that any part of the actions or events (not) described in the Complaint occurred in Alabama. Nor are any facts alleged, or, again, even imaginable, suggesting that Defendant has the sort of contacts with Alabama that would permit this court to exercise jurisdiction over it in this suit.

Furthermore, it is evident that venue is not appropriate in this District. The federal venue statute, 28 U.S.C. § 1391, provides that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

>(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

§ 1391(b).  There are no facts alleged, inferable, or even imaginable tending to show the applicability of any one of these possible bases for venue in this District.  Twenty-eight U.S.C. § 1406(a) provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  The statute therefore instructs district courts to dismiss, rather than transfer, a case filed in an improper venue unless the interest of justice weighs in favor of a transfer.  Courts have generally recognized that the primary reason to transfer, rather than dismiss, an action brought in an improper venue is prejudice to a plaintiff in the form of the running of a relevant statute of limitations.  *See, e.g., Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).  Courts have also considered whether the plaintiff acted in good faith in bringing the action in the improper venue, or whether the complaint was intended more to harass the defendant.  *See, e.g., King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1992).

Plaintiff has not shown, and cannot show, that a transfer of this matter is in the interests of justice.  First, as demonstrated above, her claim is clearly time-barred.  Second, for the reasons previously discussed, it is difficult to conclude that the Complaint was filed in a good-faith, earnest effort to seek redress for a constitutional wrong, even if such wrong was inflicted too distantly to be litigated today.  Plaintiffs truly aggrieved by the unconstitutional acts of a state actor do not, in good faith, seek damages in an amount many times greater than the combined gross domestic product of every country in the world.  If

the other infirmities described above did not alone already warrant summary dismissal of this matter pursuant to § 1915(e)(2)(B)(ii), then the sheer audacity of Plaintiff's suit calls for dismissal, rather than transfer, due to her filing it in the wrong venue.

Plaintiff has failed to state any claim upon which relief could be granted, and her Complaint is therefore due to be dismissed pursuant to § 1915(e)(2)(B)(ii). Accordingly, the undersigned Magistrate Judge hereby

RECOMMENDS that Plaintiff's Complaint be DISMISSED, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED. Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before March 16, 2018**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written

---

[1] The undersigned is recommending dismissal of Plaintiff's Complaint without first asking Plaintiff to further amend her complaint. The undersigned believes requesting such amendment would be futile because, as set forth in the body of this Recommendation, Plaintiff's claim is time-barred and, more significantly, there does not appear to be any jurisdictional basis in this court for her claim against Defendant, or that venue could be appropriate in this District even if the Complaint were not deficient. No good-faith amendment of the Complaint can cure these deficiencies. Accordingly, leave to amend Plaintiff's Complaint need not be afforded in this instance. *See, e.g., Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal. Plaintiff will be permitted to file objections to the findings set forth in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of his First Amended Complaint prior to any dismissal of the complaint.

objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). Plaintiffs are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Done this 2nd day of March, 2018.

                                   /s/ Wallace Capel, Jr.
                                   CHIEF UNITED STATES MAGISTRATE JUDGE